ALEXANDER M. DUDELSON, ESQ. (AD4809)
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
(718) 624-9552 Fax
adesq@aol.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
EZEQUIEL MENICHELLI,

                        Plaintiff,

    -against-

DOC WINE BAR 1ST AVENUE INC. and
CLAUDIO CORONAS, RICHARD
DEGAETANO, and ROSSANA PATTERI,

                        Defendants.
-------------------------------------------------------------X

Case No.: 23-cv-1163 (NRM) (VMS)

AMENDED COMPLAINT AND
JURY DEMAND

Plaintiff EZEQUIEL MENICHELLI, by and through his undersigned attorney, for his complaint against DOC WINE BAR 1ST AVENUE INC. and CLAUDIO CORONAS, RICHARD DEGAETANO, and ROSSANA PATTERI alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff EZEQUIEL MENICHELLI alleges that he is entitled to: (i) compensation for wages paid at less than the statutory wage, (ii) unpaid wages from defendants for overtime work for which he did not receive overtime premium pay as required by law, and (ii) liquidated damages pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, because defendants' violations are willful.

2.    Plaintiff EZEQUIEL MENICHELLI further complains, that he is entitled to (i)

compensation for wages paid at less than the statutory New York minimum wage, (ii) back wages for overtime work for which defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, (iii) compensation for defendants' violation of the "spread of hours" regulations pursuant to New York Labor Law and supporting regulations, (iv) liquidated damages pursuant to New York Labor Law for these violations, and (v) statutory damages for violations of the Wage Theft Prevention Act.

## THE PARTIES

3. Plaintiff EZEQUIEL MENICHELLI is an adult individual residing in Brooklyn, New York.

4. Upon information and belief, defendant DOC WINE BAR 1ST AVENUE INC.. ("DOC") is a New York corporation with a principal place of business at 83 North 7th Street, Brooklyn, New York.

5. At all relevant times, defendant DOC has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

6. Upon information and belief, at all relevant times, DOC had a gross revenue in excess of $500,000.00.

7. Upon information and belief, at all relevant times herein, DOC has used goods and materials produced in interstate commerce and have employed at least two individuals who handled such goods and materials on a regular basis.

8. Upon information and belief, at all times relevant herein, defendant DOC has

constituted an "enterprise" as defined in the FLSA.

9. Upon information and belief, defendant CLAUDIO CORONAS is an owner or part owner and principal of DOC, who has the power to hire and fire employees, set wages and schedules, and retain their records.

10. Upon information and belief, defendant CLAUDIO CORONAS possesses or possessed operational control over defendant DOC, an ownership interest in defendant DOC, or controlled significant functions of defendant DOC.

11. Defendant CLAUDIO CORONAS was involved in the day-to-day operations of DOC and played an active role in managing the business.

13. Defendant CLAUDIO CORONAS constituted an "employer" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

14. Upon information and belief, defendant RICHARD DEGAETANO is an owner or part owner and principal of DOC, who has the power to hire and fire employees, set wages and schedules, and retain their records.

15. Upon information and belief, defendant RICHARD DEGAETANO possesses or possessed operational control over defendant DOC, an ownership interest in defendant DOC, or controlled significant functions of defendant DOC.

16. Defendant RICHARD DEGAETANO was involved in the day-to-day operations of DOC and played an active role in managing the business.

17. Defendant RICHARD DEGAETANO constituted an "employer" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

18. Upon information and belief, defendant ROSSANA PATTERI is an owner or part

owner and principal of DOC, who has the power to hire and fire employees, set wages and schedules, and retain their records.

15. Upon information and belief, defendant ROSSANA PATTERI possesses or possessed operational control over defendant DOC, an ownership interest in defendant DOC, or controlled significant functions of defendant DOC.

16. Defendant ROSSANA PATTERI was involved in the day-to-day operations of DOC and played an active role in managing the business.

17. Defendant ROSSANA PATTERI constituted an "employer" of plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff EZEQUIEL MENICHELLI's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff EZEQUIEL MENICHELLI's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because defendants' business is located in this district.

## FACTS

20. At all relevant times herein, defendants owned and operated an Italian wine bar and restaurant in Brooklyn, New York.

21. From approximately April 2016 to November 28, 2022, plaintiff EZEQUIEL MENICHELLI was employed by defendants to wait on tables in the defendants' restaurant.

22. Plaintiff EZEQUIEL MENICHELLI's work was performed in the normal course

-4-

of defendants' business and was integrated into the business of defendants, and did not involve executive or administrative responsibilities.

23. At all relevant times herein, plaintiff EZEQUIEL MENICHELLI was an employee engaged in commerce and/ or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

24. During the course of plaintiff EZEQUIEL MENICHELLI employment with defendants, he routinely worked six days per week, rotating Mondays and Wednesdays as his day off.

25. From April 2016 through April 2018, plaintiff EZEQUIEL MENICHELLI worked from 3:00 p.m. to 11:00 p.m. During the summers, in addition to the regular work hours, plaintiff EZEQUIEL MENICHELLI worked from 11:00 a.m. to 12:00 a.m. on weekends.

26. As a result, plaintiff EZEQUIEL MENICHELLI worked (48) hours per week from April 2015 through April of 2018, and (54) hours per week during the summers.

27. From April 2016 through April 2018, plaintiff EZEQUIEL MENICHELLI's compensation was solely limited to tips paid in cash and credit card.

28. From April 2016 through April 2018, all of defendants payments to plaintiff EZEQUIEL MENICHELLI were made in a cash.

29. That defendants never had the cash on hand in the business to fully pay plaintiff EZEQUIEL MENICHELLI for his tips that were earned by payment with credit cards.

30. In March of 2018, plaintiff requested that he be added to the business payroll so that he would timely receive his tips paid by credit card.

31. In April of 2018, the defendants started to pay the plaintiff his tips through the

payroll system.

32. In an effort to pay plaintiff his credit card tips that were in arrears, the defendants added compensation for approximately thirty-five (35) hours a week to the plaintiff's payment through the payroll.

33. In reality, the plaintiff continued to work without an hourly compensation, fifty-four (54) hours per week, and received compensation for his current tips and tips that were in arrears.

34. Plaintiff ceased working for the defendants from approximately January of 2019 to October of 2019.

35. From October of 2019 to March 2020, plaintiff worked fifty-four (54) hours a week for the defendants, and solely received his cash and credit card tips.

36. From October of 2019 to March 2020, the plaintiff received an hourly wage for thirty-five hours of work for compensation of credit card tips that were previously in arrears.

37. As a result of the COVID-19 pandemic, the plaintiff did not work for the defendants during the period of March 2020 to June 2020.

38. From June 2020 to September of 2021, the plaintiff worked for the defendants and only received his cash tips.

39. In September of 2021, the defendants owed the plaintiff approximately $42,000.00 for his tips paid by credit card.

40. From September 17, 2021 to January 13, 2022, the defendants paid $22,500.00 to the plaintiff, via Zelle, to partially compensate him for credit card tips that were in arrears.

41. In September of 2021, in an effort to pay plaintiff the balance of his credit card

tips that were in arrears, the defendants once again added the plaintiff to the payroll and compensated him for approximately thirty-five hours a week to pay the arrears.

42. At no time was the plaintiff actually compensated for the fifty-four hours a week that he was working at the defendants' business.

43. The plaintiff ceased working for the defendants on November 28, 2022.

44. That the defendants never provided plaintiff EZEQUIEL MENICHELLI, at or before hiring, written notice that a tip credit would be applied to her minimum wage.

45. That the defendants never provided plaintiff EZEQUIEL MENICHELLI, at or before hiring, oral notice that a tip credit would be applied to her minimum wage.

46. Defendants willfully failed to pay plaintiff EZEQUIEL MENICHELLI his hourly wages.

47. The Defendants willfully failed the overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

48. Defendants failed to provide Plaintiff EZEQUIEL MENICHELLI with a written notice of his regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

49. Plaintiff EZEQUIEL MENICHELLI was paid in cash, and defendants failed to provide Plaintiff EZEQUIEL MENICHELLI with a record of his compensation or her hours worked, in violation of the Wage Theft Prevention Act.

50. Upon information and belief, while defendants employed Plaintiff EZEQUIEL MENICHELLI and throughout all relevant time periods, defendants failed to maintain accurate

sufficient time records.

51.     Upon information and belief, while defendants employed Plaintiff EZEQUIEL MENICHELLI and throughout all relevant time periods, defendants failed to maintain tip records.

52.     Upon information and belief, while Defendants employed Plaintiff EZEQUIEL MENICHELLI and through all relevant time periods, defendants failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA or New York Labor Law.

53.     At all times relevant hereto, Plaintiff EZEQUIEL MENICHELLI was an exemplary employee and always received compliments for her work performance.

54.     At all times relevant hereto, Defendants advised the Plaintiff EZEQUIEL MENICHELLI that they were making payroll deductions from her weekly wages.

## **COUNT I**

### **(Fair Labor Standards Act - Minimum Wage)**

55.     Plaintiff EZEQUIEL MENICHELLI, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

56.     At all relevant times, defendants employed Plaintiff EZEQUIEL MENICHELLI within the meaning of the FLSA.

57.     Defendants failed to pay a salary greater than the minimum wage to Plaintiff EZEQUIEL MENICHELLI for all hours worked.

58.     As a result of defendants' willful failure to compensate Plaintiff EZEQUIEL MENICHELLI at a rate at least equal to the federal minimum wage for each hour worked, defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including

29 U.S.C. § 206.

59. Due to defendants' FLSA violations, Plaintiff EZEQUIEL MENICHELLI is entitled to recover from defendants their unpaid compensation plus liquidated damages, reasonable attorneys fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (New York Labor Law - Minimum Wage)

60. Plaintiff EZEQUIEL MENICHELLI, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

61. At all relevant times, Plaintiff EZEQUIEL MENICHELLI was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

62. Defendants willfully violated Plaintiff EZEQUIEL MENICHELLI's rights by failing to pay his a salary in excess of the minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

63. Defendant' failed to pay salaries in excess of minimum wage was willful within the meaning of New York Labor Law § 663 and supporting regulations.

64. Due to defendants' New York Labor Law violations, Plaintiff EZEQUIEL MENICHELLI is entitled to recover from defendants his unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT III

### (Fair Labor Standards Act - Overtime)

65. Plaintiff EZEQUIEL MENICHELLI, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

66. At all relevant times, defendants employed Plaintiff EZEQUIEL MENICHELLI was an employee within the meaning of the FLSA.

67. At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

68. As a result of defendants' willful failure to compensate Plaintiff EZEQUIEL MENICHELLI, at a rate not less than one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, defendants have violated, the FLSA, 29 U.S.C. §§ 201 et *seq.,* including 29 U.S.C. §§ 207(a) (1) and 215(a).

69. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

70. Due to defendants' FLSA violations, Plaintiff EZEQUIEL MENICHELLI and the is entitled to recover from defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **COUNT IV**

### **(New York Labor Law - Overtime)**

71. Plaintiff EZEQUIEL MENICHELLI, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

72. At all relevant times, Plaintiff EZEQUIEL MENICHELLI was employed by

defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73. Defendants willfully violated Plaintiff EZEQUIEL MENICHELLI's rights by failing to pay him overtime compensation at rates not less than one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et *seq.* and its supporting regulations in 12 N.Y.C.R.R § 137.

74. Defendants failure to pay overtime was willful within the meaning of New York Labor Law § 663 and supporting regulations.

75. Due to defendants New York Law or Law violations, Plaintiff EZEQUIEL MENICHELLI is entitled to recover from defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT V

### (New York Labor Law - Failure to Pay Wages)

76. Plaintiff EZEQUIEL MENICHELLI repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

77. At all relevant times, Plaintiff EZEQUIEL MENICHELLI was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

78. Defendants willfully violated Plaintiff EZEQUIEL MENICHELLI, by failing to pay them wages owed for all hours worked, in violation of New York Labor Law § 191 and its implementing regulations.

79. Defendants' failure to pay wages was willful within the meaning of New York Labor Law § 198 and supporting regulations.

80.     Due to defendants' New York Labor Law violations, Plaintiff EZEQUIEL MENICHELLI is entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## COUNT VI

### (New York Labor Law - Spread of Hours)

81.     Plaintiff EZEQUIEL MENICHELLI, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

82.     At all relevant times, Plaintiff EZEQUIEL MENICHELLI was employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

83.     Defendants willfully violated Plaintiff EZEQUIEL MENICHELLI by failing to pay him an additional hour's pay at the minimum wage for each day's shift in excess of ten hours worked, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R § 137-1.7.

84.     Defendants' failure to pay the "spread of hours" premium was willful within the meaning of New York Labor Law § 663 and supporting regulations.

85.     Due to defendants' New York Labor Law violations, Plaintiff EZEQUIEL MENICHELLI and the members of the class are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663 (1).

## COUNT VII

### (New York Labor Law - Wage Theft Prevention Act)

86. Plaintiff EZEQUIEL MENICHELLI repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

87. At all relevant times, Plaintiff EZEQUIEL MENICHELLI was employed by defendants within the meaning of the New York Labor Law §§ 2 and 651.

88. Defendants willfully violated Plaintiff EZEQUIEL MENICHELLI's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act.

89. Defendants willfully violated Plaintiff EZEQUIEL MENICHELLI's rights by failing to provide them with the annual notices required by the Wage Theft Prevention Act.

90. Due to defendants New York Labor Law violations, Plaintiff EZEQUIEL MENICHELLI's is entitled to recover from defendants statutory damages.

## JURY DEMAND

91. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EZEQUIEL MENICHELLI respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against defendants officers, agents, successors, and their employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

  d. An award of liquidated damages as a result of defendants' willful failure to pay the statutory overtime compensation pursuant to 29 U.S.C. § 216;

  e. An award of damages as a result of defendants' willful failure to pay the spread of hours premium payment pursuant to New York Labor Law;

  f. A compensatory award for unpaid wages;

  g. Liquidated damages for defendants' New York Labor Law violations;

  h. Statutory damages for defendants' violation of the New York Wage Theft Prevention Act;

  i. Back pay;

  j. Punitive damages;

  k. An award of prejudgment and post judgment interest;

  l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

  m. Such other, further, and different relief as this Court deems just and proper.

Dated: Brooklyn, New York
   February 12, 2024

             /s/ *Alexander Dudelson*
             ALEXANDER M. DUDELSON, ESQ. (AD4809)
             *Attorney for Plaintiff*
             26 Court Street - Suite 2306
             Brooklyn, New York 11242
             (718) 855-5100