LAW OFFICES OF

# ALEXANDER M. DUDELSON

26 COURT STREET - SUITE 2306
BROOKLYN, NEW YORK 11242
(718) 855-5100    FAX (718) 624-9552

ALEXANDER M. DUDELSON

OF COUNSEL

LOUIS R. ROSENTHAL

YEHUDA FARKAS

FABIAN G. PALOMINO
(1924 - 2014)

November 22, 2024

**Via: ECF**
Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Ezequiel Menichelli v. DOC Wine Bar 1ˢᵗ Avenue Inc.*
               <u>*Case No.: 23-cv-1163 (NRM) (VMS)*</u>

Your Honor:

        I represent the Plaintiff in the above-referenced matter. This letter jointly submitted with
David J. Mahoney, attorney for the Defendants.  The parties respectfully request that the Court
approve the parties' settlement agreement as a fair and reasonable resolution of a bona fide
dispute in accordance with, *inter alia*, the Fair Labor Standards Act.

        The parties have agreed to a negotiated Settlement Agreement (the "Agreement").  The
proposed Agreement is attached hereto as Exhibit "A." The parties therefore ask the Court to
approve the settlement pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d
Cir. 2015), *cert. denied*, 136 S. Ct. 824 (U.S. 2016).  The parties represent to the Court that while
Plaintiff believes that the settlement amount is less than what the Plaintiffs would be entitled to if
they had prevailed on all of their claims at trial, the settlement is fair, as discussed herein.

**Background:**

        Plaintiff brings this action against Defendants pursuant to the Fair Labor Standards Act,
29 U.S.C. § 201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL")
for failure to pay wages due and owed, tips, for the overtime bonus for hours worked in excess of
forty (40) hours per workweek, and seeks to recover unpaid wages, and an additional amount as
liquidated damages, reasonable attorneys' fees and costs.

        Defendant Claudio Coronas is the 51% owner of defendant DOC Wine Bar 1ˢᵗ Avenue,
Inc.  Defendant Richard DeGaetano is a 49% owner of the business.  Defendant Rosanna Patteri
is Claudio Coronas' wife, who managed the business and had the power to hire and fire

-1-

employees. The defendant corporation owned and operated an Italian wine bar and restaurant in Brooklyn, New York.

From approximately April 2016 to November 28, 2022, plaintiff was employed by defendants to wait on tables in the defendants' restaurant. During the course of plaintiff's employment with defendants, he routinely worked six days per week, rotating Mondays and Wednesdays as his day off. From April 2016 through April 2018, plaintiff worked from 3:00 p.m. to 11:00 p.m. During the summers, in addition to the regular work hours, plaintiff worked from 11:00 a.m. to 12:00 a.m. on weekends. As a result, plaintiff worked (48) hours per week from April 2015 through April of 2018, and (54) hours per week during the summers. From April 2016 through April 2018, plaintiff's compensation was solely limited to tips paid in cash and credit card. From April 2016 through April 2018, all of defendants payments to plaintiff were made in a cash.

Defendants never had the cash on hand in the business to fully pay plaintiff for his tips that were earned by payment with credit cards. In March of 2018, plaintiff requested that he be added to the business payroll so that he would timely receive his tips paid by credit card. In April of 2018, the defendant's started to pay the plaintiff his tips through the payroll system. In an effort to pay plaintiff his credit card tips that were in arrears, the defendants added compensation for approximately thirty-five (35) hours a week to the plaintiff's payment through the payroll. In reality, the plaintiff continued to work without an hourly compensation, fifty-four (54) hours per week, and received compensation for his current tips and tips that were in arrears. Plaintiff ceased working for the defendants from approximately January of 2019 to October of 2019.

From October of 2019 to March 2020, plaintiff worked fifty-four (54) hours a week for the defendants, and solely received his cash and credit card tips. From October of 2019 to March 2020, the plaintiff received an hourly wage for thirty-five hours of work for compensation of credit card tips that were previously in arrears. As a result of the COVID-19 pandemic, the plaintiff did not work for the defendants during the period of March 2020 to June 2020. From April 2021 to September of 2021, the plaintiff worked for the defendants and only received his cash tips. During that time Claudio Coronas told the plaintiff to charge his expenses on a credit card that he would be reimbursed. The charges amounted to approximately $20,000.00. Mr. Coronas never paid off the credit cards. In September of 2021, defendants owed the plaintiff approximately $42,000.00 for his tips paid by credit card for the period of April 2021 to September of 2021. From September 17, 2021 to January 13, 2022, the defendants paid $22,500.00 to the plaintiff, via Zelle, to partially compensate him for credit card tips that were in arrears. In September of 2021, in an effort to pay plaintiff the balance of his credit card tips that were in arrears, the defendants added higher payments to the plaintiff through the payroll to compensate him for the arrears. Certain pay stubs were now reflecting an hourly rate of $40.00 instead of $10.00. Arbitrary amounts for cash and credit card tips were added to the paycheck. At no time was the plaintiff actually compensated for the fifty-four hours a week that he was working at the defendants' business. The plaintiff ceased working for the defendants on November 28, 2022. It is further alleged that the Defendants did not keep proper time records and plaintiff was never provided with any notices regarding wages and overtime.

Defendants have disclosed several witnesses that would testify that the plaintiff rarely worked more than 40 hours a week and that plaintiff was mostly employed as a supervisor and manager in the restaurant.

It is the Plaintiff's contention that he is owed $93,728.00 in regular wages up to forty hours, $44,973.60 in overtime, and $3,653.60 in spread of hours compensation.   The tips owed are complicated to figure out.  However a review of the tip book, the conversations between the parties, and the pay stubs show a shortfall of approximately $45,000.00.  Plaintiff is also entitled to liquidated damages and statutory damages. After carefully explaining the options going forward and the risks of protracted litigation combined, Plaintiff has chosen to accept total of $255,000.00, inclusive of attorneys fees and costs, to resolve his claims.  In resolving this matter, the parties contemplated that the plaintiff's claim for attorneys fees and costs would be in the amount of $35,000.00.

### Settlement:

A mediation took place on October 25, 2023 with Giulio Zanolla of Resolute Dispute Resolution Nationwide.  At the conclusion of the mediation, the defendants offered the plaintiff $25,000.00 in full satisfaction of his claims.  Documents were furnished by the defendants during the mediation, which showed that the defendants were in debt in the approximate amount of $900,000.00.

Settlement negotiations recommenced on September 11, 2024 and actively continued through October 7, 2024 by telephone and email. During that period, the attorneys for the respective parties exchanged over fifty emails relevant to settlement discussions and negotiations.

The parties have agreed to settle this action for the total sum of $255,000.00 which will be paid as outlined in Exhibit "A."  The total costs of this action are $1,405.00 consisting of the filing fee ($405.00), service of process ($450.00) and the mediator's fee ($550.00).  Plaintiff Menichelli will receive $220,000.00 from the settlement after counsel's applied for fees and costs. The settlement fund represents a significant sum of money for Plaintiff and reflects a fair compromise of their respective best-case scenario in light of the risks of proceeding to trial. $35,000.00 will be applied as attorneys' fees and costs, subject to the court's review and approval.

### Fairness:

"In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Cheeks v. Freeport, quoting Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008.  Courts consider factors including "(1) the Plaintiffs' range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation

risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic, 900 F.Supp.2d at 225 *quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010).

The agreement here is fair to Plaintiff.  Plaintiff have been represented by experienced counsel throughout this lawsuit and he has made an informed decision to settle the action at this stage of litigation without the risk of a contrary finding of fact at trial of his hours worked, term of his employ, or his employment position. Moreover, courts often recognize that settling a claim sooner rather than later is often valuable in its own right.  See Reyes v. Buddha-Bar NYC, No. 08 Civ. 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and discussing how "the value of an immediate recovery outweighs the mere possibility  of further relief after protracted and expensive litigation.")

**Attorneys' Fees Are Fair and Reasonable:**

Under the settlement, Plaintiff's counsel will receive $35,000.00 from the settlement fund as attorneys' fees and costs, subject to review and approval of the court.  This represents 13.73% of the settlement, far less than one third of the recovery in this litigation (The retainer agreement states that counsel may recover up to one-third, subject to court approval).  (Exhibit "B").  The undersigned has attached contemporaneous billing records along with this application evidencing counsel's lodestar.  (Exhibit "C").  With respect to fees, a court may calculate a reasonable attorneys' fee either by determining the so-called 'lodestar' amount or by awarding a percentage of the settlement. See McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). "However, 'the trend in this Circuit is toward the percentage method,' although it is for district court to determine 'the appropriate method' in a particular case [...] the percentage method [...] avoids the lodestar method's potential to create a disincentive to early settlement." See Hyun v. Ippundo USA Holdings, et al., 14-cv-8706 (AJN), 2016 U.S. Dist. LEXIS 3911 (S.D.N.Y. Mar. 24, 2016) (internal citations omitted). Courts in this district generally find 33.3% of a settlement allocated for attorneys' fees to be reasonable when negotiated as part of a one-third contingency fee arrangement. See Garcia v. Pancho Villa's of Huntington Village, Inc., No. 09 CV 486, 2012 WL 5305694, at *8 (E.D.N.Y. Oct. 4, 2012). "[C]ourts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable." Oxley v. EXCELLENT HOME CARE SERVICES, LLC, 18-cv-2374-RJD-CLP, Dist. Court, ED New York Jan. 8th 2020 (approving 1/3 percentage of the fund in FLSA matter).  "[A] one-third contingency fee is a commonly accepted fee in this Circuit." Calle v. Elite Specialty Coatings, Inc., No. 12 CV 6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 19, 2014); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) ("This fee arrangement [of one third of the settlement amount plus costs] is routinely approved by courts in this Circuit."); Rodriguez-Hernandez v. K Bread Co. Inc., No. 15 CV 6848, 2017 WL 2266874, at *7 (finding "30% of the total settlement [to be] a reasonable and appropriate attorney's fee award).

The undersigned here has such an arrangement with the Plaintiff for a 33.3% contingency fee net of costs.  A retainer agreement is considered "documentation to support" the

33.3% fee in this case.  See generally Miller v. United Parcel Serv., Inc., No. 20-CV-05244 (JMW), 2023 WL 2214107, at *4 (E.D.N.Y. Feb. 24, 2023) ("Following Fisher, courts in this district have independently found an attorney fee representing one-third the settlement amount reasonable, where the attorney provided documentation of the signed retainer agreement between the attorney and Plaintiffs.").  "We will not compare the one-third contingency payment to the actual hours expended by counsel — commonly called a "lodestar cross-check" — to determine the reasonableness of the fee as many courts do. See, e.g., Huggins v. Chestnut Holdings Inc., 2022 WL 44748, at *3 (S.D.N.Y. Jan. 5, 2022).  We decline to perform a "lodestar cross check" because it would have no bearing on our assessment of the reasonableness of the fee sought if it turned out that the "lodestar" for counsel's hours (that is, a reasonable hourly rate multiplied by the reasonable number of hours expended) is far less than the one-third contingency payment.  A "lodestar cross check" is of course appropriate, and indeed required, where a court is being asked to award a percentage of a common fund in attorney's fees. See, e.g., Fujiwara v. Sushi Yasuda Ltd., 58 F.Supp. 3d 424, 438 (S.D.N.Y. 2014).  The very purpose of a contractual contingency fee arrangement is to ensure recovery for an attorney regardless of the number of hours actually expended by the attorney. In other words, attorneys who take on FLSA cases on contingency bear the risk of having to litigate cases in which the recovery may not adequately compensate them for the time expended.  See generally King v. Fox, 2004 WL 68397, at *5 (S.D.N.Y. Jan. 14, 2004) ("Contingency fees account for the risk taken in representing a client."). Therefore, in cases where attorneys spend fewer hours than would be expected to match the amount in the contingency arrangement, it is only proper that they be permitted to collect their contracted fee given the risk they have assumed. "[A] contingency fee arrangement provides an incentive to counsel to take on cases that are less than sure winners." Blizzard v. Astrue, 496 F. Supp. 2d 320, 325 (S.D.N.Y. 2007).

To the extent this Court engages in a cross-check based on the lodestar, courts often use a multiplier.  "Assuming the multiplier here is somewhat higher than normally awarded, this Court nonetheless recognizes the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiffs with a substantial and speedy result."  Pinzon v. Jony Food Corp., et al., No. 18-cv-105 (RA) S.D.N.Y. May 24, 2018 (Court approved a multiplier of 5.23 in a single Plaintiff's FLSA matter); see also Johnson v. Brennan, No. 10-CV-4712 (CM), 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) ("Courts regularly award lodestar multipliers from two to six times lodestar."); Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 24, 2014) ("Lodestar multipliers of nearly 5 have been deemed `common' by courts in this District.") "Courts regularly award multipliers from two to six times the lodestar." Monserrate v. TEQUIPMENT, INC., 11-cv-6090 (RML) Dist. Court, EDNY, Nov. 16, 2012 (collecting cases and applying a multiplier of 4.34) "When applying the lodestar method, courts generally 'apply a multiplier to take into account the contingent nature of the fee, the risks of non-payment, the quality of representation, and the results achieved.'" Pucciarelli v. Lakeview Cars, Inc., Dist. Court, ED New York 2017 quoting In Re Platinum & Palladium Commodities Litig., No. 10-CV-3617 (CCH), 2015 WL 4560206, at *3 (S.D.N.Y. July 7, 2015).  Moreover, in Fish v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), the Second Circuit held that the proportionality of an attorney fee award to the Plaintiffs' recovery should not be viewed by the district court as an "outcome determinative factor in evaluating the

reasonableness" of the fee and further emphasized the importance in incentivizing the Plaintiffs' bar to take small and/or difficult cases.

In the matter at bar, despite having a contingency fee agreement, the undersigned is seeking fees on a lodestar method.

### Reasonableness of Rates:

"Additionally, in an individual FLSA action (as opposed to a collective or class action) in which the parties settle the fee through negotiation, the 'range of reasonableness' for attorneys' fees is greater than in a collective or class action." Dominguez v. Architectural Sign Group, et al., 18-cv-5514 (KAM) (JO) October 17, 2019. In an effort to support the application of the an hourly rate of $450.00 per hour, the undersigned also respectfully submits the following brief biography: My work is billed at the rate of $450.00 per hour, which is my standard billing rate for matters paid on an hourly basis. I was admitted to practice in the courts of the State of New York in 2004 and have received the following college and postgraduate degrees: S. U. N. Y. Binghamton - B.A. History, 2000; City University School of Law at Queens College - J.D., 2003. After taking the bar exam, but before being admitted to practice law, I worked in the Office of the Public Administrator of Kings County. I primarily screened new proceedings, drafted petitions for letter of administration, liquidated stocks and bonds in decedent's estates and marshaled other assets. After my admission to the bar in February of 2004, I was employed as an associate by Counsel of the Public Administrator of Kings County. While being employed with the firm, I devoted approximately 90 percent of my time to trust and estate matters. In private practice, I have represented plaintiffs and defendants in FLSA and FLMA matters, employees and employers in discrimination actions, plaintiffs in Section 1983 actions, defendants in criminal trials, and parties in Surrogate's Court, commercial, securities, real estate and matrimonial trials. I have also represented parties in the Appellate Division First, Second and Third Judicial Departments, the United States Court of Appeals for the Second Circuit, and the United States Supreme Court.

### Conclusion:

In conclusion, the parties have agreed the attached Agreement represents a mutual compromise of the parties' *bona fide* dispute. The Agreement not only provides Plaintiff with immediate compensation but also represents a fair and reasonable compromise consistent with the principles of the FLSA. As such, the parties respectfully request the Court approve the attached Agreement and endorse the dismissal of this case in its entirety.

Respectfully submitted,

/s/ Alexander M. Dudelson          /s/ David J. Mahoney
Alexander M. Dudelson              David J. Mahoney
*Attorney for Plaintiff*           *Attorney for Defendants*

Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EZEQUIEL MENICHELLI,                                    Case No.: 23-cv-1163

                              Plaintiff,

        -against-

DOC WINE BAR 1ST AVENUE INC. and
CLAUDIO CORONAS, RICHARD
DEGAETANO, and ROSSANA PATTERI,

                              Defendants.
-----------------------------------------------------------X

### SETTLEMENT AGREEMENT:

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiff EZEQUIEL MENICHELLI ("Plaintiff") on the one hand and, on the other, DOC WINE BAR 1ST AVENUE INC., CLAUDIO CORONAS, RICHARD DEGAETANO, and ROSSANA PATTERI, ("Defendants").

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Eastern District of New York, Civil Action No. 23-cv-1163 (hereinafter "the Litigation"), alleging, among other things, allegations of violation of federal and state wage and hour and overtime laws against Defendants;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws and any other claims raised in the lawsuit filed by Plaintiff;

WHEREAS, the parties desire to resolve all disputes between them without the necessity

-1-

of further litigation; and

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1.    <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Two Hundred Fifty-Five Thousand Dollars ($255,000.00) (the "Settlement Amount") to be paid pursuant to the following schedule:

(a) Installment One: The later of 30 days after execution of this agreement[1], the sum of (i) $45,000.00  by check made payable to Ezequiel Menichelli; and (ii) $15,000.00 by check made payable to Alexander M. Dudelson.

(b) Installment Two: 90 days after execution of this agreement, the sum of (i) $15,000.00 by check made payable to Ezequiel Menichelli; and (ii) $20,000.00 by check made payable to Alexander M. Dudelson.

(c) Installments Three through Nine: Six (6) bi-monthly payments, in the amount of $25,000.00, beginning 120 days after the execution of this agreement, followed by a final payment of $10,000.00.

(d) All payments set forth above shall be delivered to the office of Alexander M.

---

[1]Defendants' payment obligations are subject to Court approval under <u>Cheeks v. Freeport Pancakes House, Inc.</u>  No payment hereunder shall be due less than 30 days after such approval is granted.

Dudelson, Esq., 26 Court Street - Suite 2306, Brooklyn, New York 11242, or such other address

provided in writing to the Defendants by Plaintiff's counsel, with a copy to Defendants' attorney

David J. Mahoney, Esq., Rimon P.C., 100 Jericho Quadrangle - Suite 300, Jericho, New York

11753.

2(a).    The parties expressly consent that the Eastern District of New York shall retain

jurisdiction pursuant to the terms of this Agreement so that the Court has jurisdiction to enter

judgment in the event of Defendants failure to adhere to the payment schedule by a breach and

failure to cure as described below. Or, if the federal court declines to retain jurisdiction, the

parties consent to any other court of competent jurisdiction in New York City.

2(b).    In the event that the Settlement Amount is not paid by the payment date set forth

in paragraph 1 above, or fails to clear (i.e., bounces) on its respective payment date, Plaintiff

shall be entitled to serve a written notice ("Default Notice") upon counsel for the Defendants by

electronic mail to **david.mahoney@rimonlaw.com** and First-Class Mail at Attn: David J.

Mahoney, Esq., RIMON P.C., 100 Jericho Quadrangle - Suite 300, Jericho, New York 11753.

The Defendants shall have fifteen (15) days from the date of receipt of the mailed Default

Notice to cure the default by making such payment. The parties agree that any notice will be

deemed received five (5) days after its dispatch by mail.

Upon Defendants' failure to cure a default within fifteen (15) days of receipt of the

Default Notice, counsel for Plaintiff may take any action to enforce the terms of this agreement

including but not limited to filing the Confessions of Judgments executed by the Defendants for

the gross sum $350,000.00 less any amounts paid prior to default.

The parties agree that in such an event of default, any and all remaining installments shall

-3-

be immediately due and owing as set forth above and that Plaintiffs shall be entitled to take any

and all measures to enforce the terms of this agreement including, but not limited to, filing or

otherwise seeking to enforce the Confessions of Judgment annexed hereto as Exhibit A for the

gross sum of $350,000.00 less any amounts paid prior to default as against Defendants, jointly

and severally. The Confessions of Judgment may only be filed by Plaintiffs upon the default of

Defendants as set forth above and failure to cure upon service of the Default Notice.  Upon

receipt of the full settlement sum, the Confessions of Judgment shall be returned to Defendants'

counsel at the address listed above.

      3.   <u>Release and Covenant Not To Sue</u>:

      (a).  Plaintiff knowingly and voluntarily releases and forever discharges

Defendants of and from any and all claims, rights, liabilities, debts, obligations, promises,

covenants, agreements, contracts, endorsements, bonds, controversies, suits or causes known or

unknown, suspected or unsuspected, arising from the transactions and occurrences raised in this

lawsuit arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq., as

amended ("FLSA"), and related regulations, the New York Labor Law ("NYLL") and related

regulations promulgated by the NYS Commissioner of Labor, for any and all wage-and-hour

claims and claims of retaliation pursuant to the FLSA and NYLL arising out of Plaintiffs'

employment with the Defendants up to and including the date Plaintiffs executed this Agreement,

whether known or unknown, whether contingent or non-contingent, specifically asserted or not,

which the Plaintiffs may assert anywhere in the world against the Defendants relating to unpaid

wages, unpaid minimum wage, unpaid overtime compensation, unpaid spread-of-hours pay, the

failure to provide meal breaks, failure to provide required notices and/or wage statements,

-4-

retaliation, back pay, liquidated damages, interest, under any federal, state or local laws ("Wage and Hour Claims"). Nothing in this Paragraph 3 is intended to, or shall, interfere with Plaintiffs' right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws. Plaintiffs shall not, however, be entitled to any monetary relief arising from or relating to any such charge or proceeding, regardless of how the matter was initiated.

(b). Notwithstanding the foregoing, nothing in this Agreement shall be construed to be a waiver of any of the following rights or claims: (i) any claim or right Plaintiffs may have under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"); (ii) any claim or right Plaintiff may have for unemployment insurance or workers' compensation benefits; (iii) any claim to employee and/or union benefit plans or rights to retirement, 401K, pension, or benefit plans, whether vested or unvested including but not limited to any employee benefit plan under 29 U.S.C. § 1002(3); (iv) any medical claim incurred during Plaintiffs' employment that is payable under applicable medical plans or an employer-insured liability plan; (v) any claim or right that may arise after the execution of this Agreement; (vi) any claim or right Plaintiffs may have under this Agreement; (vii) any claim that is not otherwise waivable under applicable law; and (viii) any right to file a charge with, or participate in a proceeding before, any federal, state or local agency responsible for enforcing discrimination laws, provided, however, Plaintiffs shall not be entitled to any monetary relief arising from or relating to any such charge or proceeding, regardless of how the matter was initiated, and further waives any rights or claims to any payment, benefit, attorneys' fees or other remedial relief in connection any agency charge, investigation, or proceeding.

-5-

(c). Defendants hereby unconditionally and irrevocably release, waive, discharge and give up any and all claims that Defendants have or may have against Plaintiff and his heirs, executors, administrators, agents, successors and assigns, affiliated entities, and their respective past and present owners, directors, officers, insurers, and attorneys, of and from all debts, obligations, promises, covenants, agreements, contracts, endorsements, bonds, controversies, suits, claims, or causes known or unknown, suspected or unsuspected, of every kind and nature from the beginning of the world to the date of this Agreement arising from the transactions and occurrences alleged in the pleadings of this action.

4.    2022 1099-NEC: This settlement is expressly conditioned on Defendant DOC WINE BAR 1ST AVENUE INC., within (30) days of the execution of this agreement, issuing to the Plaintiff a corrected 2022 1099-NEC stating Plaintiff's 2022 non-employee compensation in the amount of $0.00.

5.    Tax Liability.  Plaintiff and/or Plaintiff's counsel shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against Plaintiff upon such settlement sums set forth in Paragraph 1 above.  Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiff, but specifically excluding any employer-paid payroll taxes, that may be assessed against Plaintiff in connection with those sums.  Plaintiff acknowledges that Plaintiff has not relied on any oral or other representations made by Defendants or Defendants' counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

8.    Dismissal of the Litigation: Filed contemporaneously with this Settlement

-6-

agreement as Exhibit B, is a Stipulation of Dismissal in accordance with Rule 41(a) (i)

dismissing the action in full.

     9.    Court Approval: The parties will use best efforts to seek court approval of this

Agreement.

     10.    Modification of the Agreement: This Agreement may not be changed unless the

changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

     11.    Acknowledgment: The parties acknowledge that they have been fully and fairly

represented by counsel in this matter.

     12.    Plaintiff and Defendants acknowledge that they are not relying upon any

statement, representation or promise in executing this Agreement except for statements,

representations or promises expressly set forth in this Agreement. They further acknowledge and

agree that the only consideration for signing this Agreement is as set forth in this Agreement.

     13.    Notices:  Notices required under this Agreement shall be in writing and shall

be deemed given on the first business day following first-class mailing, email, or facsimile

transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Alexander M. Dudelson, Esq.
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100
Email: adesq@aol.com

To Defendants:

David J. Mahoney, Esq.
RIMON PC
100 Jericho Quadrangle - Suite 300

-7-

Jericho, New York 11753
(516) 479-6337
Email: david.mahoney@rimonlaw.com

14.    <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in

accordance with, the laws of the State of New York, excluding the conflict-of-laws principles

thereof. The parties consent and stipulate to the personal jurisdiction of the United States District

Court for the Eastern District of New York, in any subsequent proceeding to enforce this

Agreement or any other Court of competent jurisdiction within New York City.

15.    <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void,

or unenforceable, such provision shall be of no force or effect. However, the illegality or

unenforceability of such provision shall have no effect upon, and shall not impair the legality or

enforceability of, any other provision of this Agreement, provided, however, that upon any

finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or

rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agrees to promptly

execute a release, waiver and/or covenant that is legal and enforceable.

16.    <u>Release Notification</u>:  Defendants advised Plaintiff to discuss the terms of this

Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he

has consulted with Alexander M. Dudelson, Esq. Plaintiff acknowledges that it is his choice to

waive any potential claims in return for the benefits set forth herein and he has made this

decision after careful thought and a reasonable period of time to consider this Agreement, and

after an opportunity to consult with his attorney.  Plaintiff confirms that he  understands the terms

of this Agreement and that he is signing this Agreement voluntarily.

17.    <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and

-8-

General Release, the parties have executed this Agreement on the date set forth opposite their

signatures, which appear below. This Agreement may be executed in two or more counterparts

and each of such counterparts, for all purposes, shall be deemed to be an original but all of such

counterparts together shall constitute but one and the same instrument, binding upon all parties

hereto, notwithstanding that all of such parties may not have executed the same counterpart.

Signatures may be exchanged by facsimile, PDF, or other electronic means.

        18.    <u>No Waiver</u>: Failure to insist on compliance with any term, covenant or condition

contained in this Agreement shall not be deemed a waiver of that term, covenant or condition,

nor shall any waiver or relinquishment of any right or power contained in this Agreement at any

one time or more times be deemed a waiver or relinquishment of any right or power at any other

time or times.

        **THEREFORE,** the parties to this Agreement now voluntarily and knowingly execute

this Agreement as follows:

Dated:  10/17/2024

                                                  EZEQUIEL MENICHELLI

Dated:  10/17/24

                                                  DOC WINE BAR 1ST AVENUE INC.
                                                  By: Claudio Coronas, its President

Dated:  10/17/24

                                                  CLAUDIO CORONAS

Dated:  10-17-24

                                                  RICHARD DEGAETANO

Dated:

                                                  ROSSANA PATTERI

AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF KINGS            )

I, CLAUDIO CORONAS, being duly sworn, hereby depose and say:

1.    I, CLAUDIO CORONAS, execute this Affidavit of Confession of Judgment on my own behalf and on behalf of DOC WINE BAR 1ST AVENUE INC.

2.    I am an individual residing at 25 Broadway - Apt. #3, Brooklyn, New York 11249 I consent to jurisdiction and venue and further authorize entry of judgment against myself in the United States District Court, Eastern District of New York or the Supreme Court of New York, County of Kings and any other court and county clerk of competent jurisdiction upon the conditions set forth herein including but not limited to the Eastern District of New York.

3.    By way of background, DOC WINE BAR 1ST AVENUE INC., RICHARD DEGAETANO, and ROSSANA PATTERI , and I (hereinafter, "Defendants") entered into a Settlement Agreement (the"Settlement Agreement") with Plaintiff EZEQUIEL MENICHELLI (the "Plaintiff") to compromise claims raised by Plaintiff in the Eastern District of New York with a case number of **23-cv-1163** concerning, *inter alia*, unpaid minimum wages and overtime payments (the "Action").

4.    This Confession of Judgment is for a debt justly due and owing from Defendants to Plaintiff arising out of the Settlement Agreement to resolve the claims raised in the Action.

5.    The reason the amount of this Confession of Judgment is higher than the amount reflected in the Settlement Agreement is due to the Plaintiff's compromise of claims that alleged an amount of potential liability higher than the amount in the Settlement Agreement, those allegations could have potentially involved at least an additional $350,000.00 in unpaid wages, double damages and statutory violations arising from potential remedies under the Fair Labor Standards Act and New York Labor Laws available to Plaintiff was he to have proved his case at trial.

6.    On behalf of myself individually and on behalf of DOC WINE BAR 1ST AVENUE INC. INC., I hereby confess judgment and authorize entry of judgment against myself, jointly and severally, and DOC WINE BAR 1ST AVENUE INC., jointly and severally, in favor of Plaintiff for the sum of $350,000.00 less any payments prior made under the Settlement Agreement at the time of default.

7.    In accordance with the Settlement Agreement, I authorize Plaintiff or his heirs and assigns to enter judgment by confession for $350,000.00 less any amount prior paid under the Settlement Agreement at the time of default against me in the event Defendants' default of the Settlement Agreement for a total aggregate amount of $_____ (to be filled in

by Plaintiff's counsel), against myself as an individual, jointly and severally, and against each DOC WINE BAR 1ST AVENUE INC., jointly and severally.

8.    Electronic, xerox or facsimile copies of this Affidavit shall be deemed as effective as the original provided such copies are submitted with a sworn statement by counsel for Plaintiff, Alexander M. Dudelson, Esq., or any other duly authorized attorney for Plaintiff, attesting to the circumstances of default and the unpaid amount outstanding.

9.    This Affidavit of Confession of Judgment is not an installment loan within the prohibition of *CPLR* §3201.

_____
CLAUDIO CORONAS

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF __Kings__  )

On the 15 day of Oct 2024, before me personally came CLAUDIO CORONAS to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

SAJID PATEL
NOTARY PUBLIC STATE OF NEW YORK
No. 01PA6318967
Qualified in Kings County
Expires: February 09, 2027

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF Kings      )

On the 15 day of Oct , 2024, before me personally came CLAUDIO CORONAS , individually and on behalf of each DOC WINE BAR 1ST AVENUE INC., and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same with the authority to act for and bind each DOC WINE BAR 1ST AVENUE INC.

_____
Notary Public

SAJID PATEL
NOTARY PUBLIC STATE OF NEW YORK
No. 01PA6318967
Qualified in Kings County
Expires: February 09, 2027

AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF KINGS            )

I, RICHARD DEGAETANO, being duly sworn, hereby depose and say:

1.      I, RICHARD DEGAETANO, execute this Affidavit of Confession of Judgment on my own behalf and on behalf of DOC WINE BAR 1ST AVENUE INC.

2.      I am an individual residing at 40 Ocean Parkway, Brooklyn, New York 11218. I consent to jurisdiction and venue and further authorize entry of judgment against myself in the United States District Court, Eastern District of New York or the Supreme Court of New York, County of Kings and any other court and county clerk of competent jurisdiction upon the conditions set forth herein including but not limited to the Eastern District of New York.

3.      By way of background, DOC WINE BAR 1ST AVENUE INC., CLAUDIO CORONAS, and ROSSANA PATTERI , and I (hereinafter, "Defendants") entered into a Settlement Agreement (the "Settlement Agreement") with Plaintiff EZEQUIEL MENICHELLI (the "Plaintiff") to compromise claims raised by Plaintiff in the Eastern District of New York with a case number of **23-cv-1163** concerning, *inter alia*, unpaid minimum wages and overtime payments (the "Action").

4.      This Confession of Judgment is for a debt justly due and owing from Defendants to Plaintiff arising out of the Settlement Agreement to resolve the claims raised in the Action.

5.      The reason the amount of this Confession of Judgment is higher than the amount reflected in the Settlement Agreement is due to the Plaintiff's compromise of claims that alleged an amount of potential liability higher than the amount in the Settlement Agreement, those allegations could have potentially involved at least an additional $350,000.00 in unpaid wages, double damages and statutory violations arising from potential remedies under the Fair Labor Standards Act and New York Labor Laws available to Plaintiff was he to have proved his case at trial.

6.      On behalf of myself individually and on behalf of DOC WINE BAR 1ST AVENUE INC. INC., I hereby confess judgment and authorize entry of judgment against myself, jointly and severally, and DOC WINE BAR 1ST AVENUE INC., jointly and severally, in favor of Plaintiff for the sum of $350,000.00 less any payments prior made under the Settlement Agreement at the time of default.

7.      In accordance with the Settlement Agreement, I authorize Plaintiff or his heirs and assigns to enter judgment by confession for $350,000.00 less any amount prior paid under the Settlement Agreement at the time of default against me in the event Defendants' default of the Settlement Agreement for a total aggregate amount of $_____ (to be filled in

by Plaintiff's counsel), against myself as an individual, jointly and severally, and against each DOC WINE BAR 1ST AVENUE INC., jointly and severally.

8.   Electronic, xerox or facsimile copies of this Affidavit shall be deemed as effective as the original provided such copies are submitted with a sworn statement by counsel for Plaintiff, Alexander M. Dudelson, Esq., or any other duly authorized attorney for Plaintiff, attesting to the circumstances of default and the unpaid amount outstanding.

9.   This Affidavit of Confession of Judgment is not an installment loan within the prohibition of *CPLR* §3201.

_____
RICHARD DEGAETANO


STATE OF NEW YORK )
                  ) ss:
COUNTY OF _Kings_ )

On the 15 day of _Oct_ 2024, before me personally came RICHARD DEGAETANO to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_____
Notary Public

SAJID PATEL
NOTARY PUBLIC STATE OF NEW YORK
No. 01PA6318967
Qualified in Kings County
Expires: February 09, 2027


STATE OF NEW YORK )
                  ) ss:
COUNTY OF _Kings_ )

On the 15 day of _Oct_, 2024, before me personally came RICHARD DEGAETANO, individually and on behalf of each DOC WINE BAR 1ST AVENUE INC., and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same with the authority to act for and bind each DOC WINE BAR 1ST AVENUE INC.

_____
Notary Public

SAJID PATEL
NOTARY PUBLIC STATE OF NEW YORK
No. 01PA6318967
Qualified in Kings County
Expires: February 09, 2027

AFFIDAVIT OF CONFESSION OF JUDGMENT

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF KINGS      )

   I, ROSSANA PATTERI, being duly sworn, hereby depose and say:

   1.  I, ROSSANA PATTERI, execute this Affidavit of Confession of Judgment on my own behalf and on behalf of DOC WINE BAR 1ST AVENUE INC.

   2.  I am an individual residing at 25 Broadway - Apt. #3, Brooklyn, New York 11249. I consent to jurisdiction and venue and further authorize entry of judgment against myself in the United States District Court, Eastern District of New York or the Supreme Court of New York, County of Kings and any other court and county clerk of competent jurisdiction upon the conditions set forth herein including but not limited to the Eastern District of New York.

   3.  By way of background, DOC WINE BAR 1ST AVENUE INC., CLAUDIO CORONAS, and RICHARD DEGAETANO, and I (hereinafter, "Defendants") entered into a Settlement Agreement (the"Settlement Agreement") with Plaintiff EZEQUIEL MENICHELLI (the "Plaintiff") to compromise claims raised by Plaintiff in the Eastern District of New York with a case number of **23-cv-1163** concerning, *inter alia*, unpaid minimum wages and overtime payments (the "Action").

   4.  This Confession of Judgment is for a debt justly due and owing from Defendants to Plaintiff arising out of the Settlement Agreement to resolve the claims raised in the Action.

   5.  The reason the amount of this Confession of Judgment is higher than the amount reflected in the Settlement Agreement is due to the Plaintiff's compromise of claims that alleged an amount of potential liability higher than the amount in the Settlement Agreement, those allegations could have potentially involved at least an additional $350,000.00 in unpaid wages, double damages and statutory violations arising from potential remedies under the Fair Labor Standards Act and New York Labor Laws available to Plaintiff was he to have proved his case at trial.

   6.  On behalf of myself individually and on behalf of DOC WINE BAR 1ST AVENUE INC. INC., I hereby confess judgment and authorize entry of judgment against myself, jointly and severally, and DOC WINE BAR 1ST AVENUE INC., jointly and severally, in favor of Plaintiff for the sum of $350,000.00 less any payments prior made under the Settlement Agreement at the time of default.

   7.  In accordance with the Settlement Agreement, I authorize Plaintiff or his heirs and assigns to enter judgment by confession for $350,000.00 less any amount prior paid under the

by Plaintiff's counsel), against myself as an individual, jointly and severally, and against each DOC WINE BAR 1ˢᵀ AVENUE INC., jointly and severally.

8.    Electronic, xerox or facsimile copies of this Affidavit shall be deemed as effective as the original provided such copies are submitted with a sworn statement by counsel for Plaintiff, Alexander M. Dudelson, Esq., or any other duly authorized attorney for Plaintiff, attesting to the circumstances of default and the unpaid amount outstanding.

9.    This Affidavit of Confession of Judgment is not an installment loan within the prohibition of *CPLR* §3201.

ROSSANA PATTERI

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF __Kings__  )

On the 15 day of Oct 2024, before me personally came ROSSANA PATTERI to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

Notary Public

SAJID PATEL
NOTARY PUBLIC STATE OF NEW YORK
No. 01PA6318967
Qualified In Kings County
Expires: February 09, 2027

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF __Kings__  )

On the 15 day of Oct , 2024, before me personally came ROSSANA PATTERI, individually and on behalf of each DOC WINE BAR 1ˢᵀ AVENUE INC., and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same with the authority to act for and bind each DOC WINE BAR 1ˢᵀ AVENUE INC.

Notary Public

SAJID PATEL
NOTARY PUBLIC STATE OF NEW YORK
No. 01PA6318967
Qualified In Kings County
Expires: February 09, 2027

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

EZEQUIEL MENICHELLI,

               Plaintiff,

    -against-

DOC WINE BAR 1ST AVENUE INC,
CLAUDIO CORONAS, RICHARD
DEGAETANO and ROSSANA PATTERI,

               Defendants.

23-cv-1163 (NRM) (VMS)

<u>**STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE**</u>

        IT IS HEREBY STIPULATED AND AGREED, by and between counsel for Plaintiff
EZEQUIEL MENICHELLI ("Plaintiff"), and DOC WINE BAR 1ST AVENUE INC, CLAUDIO
CORONAS, RICHARD DEGAETANO and ROSSANA PATTERI, ("Defendants"), that all of
Plaintiffs claims in the Complaint in the above-captioned action are dismissed, <u>with prejudice</u>,
pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Each Party shall bear
his/her/its own costs and attorneys' fees.

Dated:          , 2024

**ALEXANDER M. DUDELSON, ESQ.**

By: _____
    Alexander M. Dudelson (AD4809)

26 Court Street – Suite 2306
Brooklyn, New York 11242
(718) 855-5100
*Attorney for Plaintiff*

**RIMON PC**

By: _____
    David J. Mahoney (DM    )

100 Jericho Quadrangle - Suite 300
Jericho, New York 11753
(516) 479-6337
*Attorney for Defendants*

SO ORDERED:

_____

Exhibit B

| Date: | Wage for tipped Emp | Unpaid Hours up to 40 | Unpaid Overtime | Spread of Hours |
|---|---|---|---|---|
| Apr-16 | $5.00 | $800 | $240 | |
| May-16 | $5.00 | $800 | $240 | |
| Jun-16 | $5.00 | $800 | $420 | $40 |
| Jul-16 | $5.00 | $800 | $420 | $40 |
| Aug-16 | $5.00 | $800 | $420 | $40 |
| Sep-16 | $5.00 | $800 | $240 | |
| Oct-16 | $5.00 | $800 | $240 | |
| Nov-16 | $5.00 | $800 | $240 | |
| Dec-16 | $5.00 | $800 | $240 | |
| Jan-17 | $7.50 | $1,200 | 360 | |
| Feb-17 | $7.50 | $1,200 | 360 | |
| Mar-17 | $7.50 | $1,200 | 360 | |
| Apr-17 | $7.50 | $1,200 | 360 | |
| May-17 | $7.50 | 1200 | 630 | |
| Jun-17 | $7.50 | 1200 | 630 | 60 |
| Jul-17 | $7.50 | 1200 | 630 | 60 |
| Aug-17 | $7.50 | 1200 | 630 | 60 |
| Sep-17 | $7.50 | 1200 | 360 | |
| Oct-17 | $7.50 | 1200 | 360 | |
| Nov-17 | $7.50 | 1200 | 360 | |
| Dec-17 | $7.50 | 1200 | 360 | |
| Jan-18 | $8.65 | 1384 | 415.2 | |
| Feb-18 | $8.65 | 1384 | 415.2 | |
| Mar-18 | $8.65 | 1384 | 415.2 | |
| Apr-18 | $8.65 | 1384 | 415.2 | |
| May-18 | $8.65 | 1384 | 726.6 | 69.2 |
| Jun-18 | $8.65 | 1384 | 726.6 | 69.2 |
| Jul-18 | $8.65 | 1384 | 726.6 | 69.2 |
| Aug-18 | $8.65 | 1384 | 726.6 | 69.2 |
| Sep-18 | $8.65 | 1384 | 726.6 | 69.2 |
| Oct-18 | $8.65 | 1384 | 726.6 | 69.2 |
| Nov-18 | $8.65 | 1384 | 726.6 | 69.2 |
| Dec-18 | $8.65 | 1384 | 726.6 | 69.2 |
| Oct-19 | $10.00 | 1440 | 840 | 80 |
| Nov-19 | $10.00 | 1440 | 840 | 80 |
| Dec-19 | $10.00 | 1440 | 840 | 80 |
| Jan-20 | $10.00 | 1600 | 840 | 80 |
| Feb-20 | $10.00 | 1600 | 840 | 80 |
| Jun-20 | $10.00 | 1600 | 840 | 80 |
| Jul-20 | $10.00 | 1600 | 840 | 80 |
| Aug-20 | $10.00 | 1600 | 840 | 80 |
| Sep-20 | $10.00 | 1600 | 840 | 80 |
| Oct-20 | $10.00 | 1600 | 840 | 80 |
| Nov-20 | $10.00 | 1600 | 840 | 80 |
| Dec-20 | $10.00 | 1600 | 840 | 80 |
| Jan-21 | $10.00 | 1600 | 840 | 80 |

| | | | | |
|---|---|---|---|---|
| Feb-21 | $10.00 | 1600 | 840 | 80 |
| Mar-21 | $10.00 | 1600 | 840 | 80 |
| Apr-21 | $10.00 | 1600 | 840 | 80 |
| May-21 | $10.00 | 1600 | 840 | 80 |
| Jun-21 | $10.00 | 1600 | 840 | 80 |
| Jul-21 | $10.00 | 1600 | 840 | 80 |
| Aug-21 | $10.00 | 1600 | 840 | 80 |
| Sep-21 | $10.00 | 1600 | 840 | 80 |
| Oct-21 | $10.00 | 1600 | 840 | 80 |
| Nov-21 | $10.00 | 1600 | 840 | 80 |
| Dec-21 | $10.00 | 1600 | 840 | 80 |
| Jan-22 | $10.00 | 1600 | 840 | 80 |
| Feb-22 | $10.00 | 1600 | 840 | 80 |
| Mar-22 | $10.00 | 1600 | 840 | 80 |
| Apr-22 | $10.00 | 1600 | 840 | 80 |
| May-22 | $10.00 | 1600 | 840 | 80 |
| Jun-22 | $10.00 | 1600 | 840 | 80 |
| Jul-22 | $10.00 | 1600 | 840 | 80 |
| Aug-22 | $10.00 | 1600 | 840 | 80 |
| Sep-22 | $10.00 | 1600 | 840 | 80 |
| Oct-22 | $10.00 | 1600 | 840 | 80 |
| Nov-22 | $10.00 | 1600 | 840 | 80 |
| | | | | |
| TOTALS: | | 93728 | 44973.6 | 3653.6 |

Exhibit C

To:    Alexander M. Dudelson, Esq.
       26 Court Street - Suite 2306
       Brooklyn, New York 11242

The undersigned residing at 459 van Buren Street - Apt. 1, Brooklyn, New York 11221, hereby retains you to prosecute or adjust a claim for damages arising from the theft of wages from commencement of employment through April of 2015 by DOC Wine Bar 1st Avenue Inc. and Claudio Coronas, and their affiliated companies.

The Client hereby gives you the exclusive right to take all legal steps to enforce this claim through trial and appeal. The attorney shall have the right but not the obligation to represent the client on appeal.

In consideration of the services rendered and to be rendered by you, the Client agrees to pay you and you are authorized to retain out of the moneys that may come into your hand by reason of the above claim:

Up to thirty three and one-third percent (33 1/3%) of the sum recovered, whether recovered by suit, settlement or otherwise. This fee agreement is subject to approval by the United States District Court, Eastern District of New York. The Court may fix the Attorney's fee at the Attorney's hourly rate, set forth below, for services rendered. Nevertheless, the legal fees shall not exceed thirty three and one-third percent (33 1/3%) of the sum recovered.

Such percentage shall be computed on the net sum recovered after deducting form the amount recovered expenses and disbursements for expert testimony and investigative or other services properly chargeable to the enforcement of the claim or prosecution of the action. In computing the fee, the costs are taxed, including interest upon judgment, shall be deemed part of the amount recovered. For the following similar items there shall be no deduction im computing percentages: liens, assignments or claims in favor of hospitals, for medical care and treatment by doctors and nurses, or self-insurers or insurance carriers.

If the cause of action is settled by Client without the consent of Attorney, the attorney shall have the option of seeking compensation on a *quantum meruit* basis to be determined by the court. In such circumstances the court would determine the fair value of the service. The Attorney's bills at a rate of $450.00 per hour for his services. The Attorney shall have, in addition, taxable costs and disbursements. In the event the Client is represented on appeal by another attorney, Attorney shall have the option of seeking compensation on a *quantum meruit* basis to be determined by the court.

Client:

Dated: January 25, 2023

Ezequil Luis Menichelli

Alexander M. Dudelson

# Statement of Client's Rights

Section 1210.1 of the Joint Rules of the Appellate Division amended June 1, 2018
(22 NYCRR §1210.1)

1. You are entitled to be treated with courtesy and consideration at all times by your lawyer and the other lawyers and nonlawyer personnel in your lawyer's office.

2. You are entitled to have your attorney handle your legal matter competently and diligently, in accordance with the highest standards of the profession. If you are not satisfied with how your matter is being handled, you have the right to discharge your attorney and terminate the attorney-client relationship at any time. Court approval may be required in some matters, and your attorney may have a claim against you for the value of services rendered to you up to the point of discharge.

3. You are entitled to your lawyer's independent professional judgment and undivided loyalty uncompromised by conflicts of interest.

4. You are entitled to be charged reasonable fees and expenses and to have your lawyer explain before or within a reasonable time after commencement of the representation how the fees and expenses will be computed and the manner and frequency of billing. You are entitled to request and receive a written itemized bill from your attorney at reasonable intervals. You may refuse to enter into any arrangement for fees and expenses that you find unsatisfactory. In the event of a fee dispute, you may have the right to seek arbitration; your attorney will provide you with the necessary information regarding arbitration in the event of a fee dispute, or upon your request.

5. You are entitled to have your questions and concerns addressed promptly and to receive a prompt reply to your letters, telephone calls, emails, faxes, and other communications.

6. You are entitled to be kept reasonably informed as to the status of your matter and are entitled to have your attorney promptly comply with your reasonable requests for information, including your requests for copies of papers relevant to the matter. You are entitled to sufficient information to allow you to participate meaningfully in the development of your matter and make informed decisions regarding the representation.

7. You are entitled to have your legitimate objectives respected by your attorney. In particular, the decision of whether to settle your matter is yours and not your lawyer's. Court approval of a settlement is required in some matters.

8. You have the right to privacy in your communications with your lawyer and to have your confidential information preserved by your lawyer to the extent required by law.

9. You are entitled to have your attorney conduct himself or herself ethically in accordance with the New York Rules of Professional Conduct.

10. You may not be refused representation on the basis of race, creed, color, religion, sex, sexual orientation, gender identity, gender expression, age, national origin or disability.



## Statement of Client's Responsibilities

(Informational Statement Adopted by the New York State Bar Association)

1. The client is expected to treat the lawyer and the lawyer's staff with courtesy and consideration.

2. The client's relationship with the lawyer should be one of complete candor and the client should apprise the lawyer of all facts or circumstances of the matter being handled by the lawyer even if the client believes that those facts may be detrimental to the client's cause or unflattering to the client.

3. The client must honor the fee arrangement as agreed to with the lawyer to the extent required by law.

4. All bills tendered to the client for services rendered pursuant to the agreed upon arrangement regarding fees and expenses should be paid when due.

5. A client who discharges the attorney and terminates the attorney-client relationship must nevertheless honor financial commitments under the agreed to arrangement regarding fees and expenses to the extent required by law.

6. Although the client should expect that his or her letters, telephone calls, emails, faxes, and other communications to the lawyer will be answered within a reasonable time, the client should recognize that the lawyer has other clients who may be equally deserving of the lawyer's time and attention.

7. The client should maintain contact with the lawyer, promptly notify the lawyer of any change in telephone number, address, email, or other electronic contact information, and respond promptly to a request by the lawyer for information and cooperation.

8. The client must realize that the lawyer is required to respect only legitimate objectives of the client and that the lawyer will not advocate or propose positions that are unprofessional or contrary to law or the New York Rules of Professional Conduct.

9. The lawyer may decline to accept a matter if the lawyer has previous personal or professional commitments that will prohibit the lawyer from devoting adequate time to representing the client competently and diligently.

10. A lawyer is under no obligation to accept a client if the lawyer determines that the cause of the client is without merit, a conflict of interest would exist or a suitable working relationship with the client is not likely.

Exhibit D

Ezequiel Menichelli

| Date | Description | Hours |
|---|---|---|
| 1/25/2023 | Intake with Client | 3 |
| 1/26/2023 | Investigative letter to defendants | 0.5 |
| 2/7/2012 | Telephone with Franco Cuadra - state of the defendants and settlement | 0.25 |
| 2/12/2023 | Telephone with Client Re: getting case moving, no more wait | 0.25 |
| 2/13/2023 | Draft Complaint | 4.5 |
| 2/13/2023 | Cover Sheet and Summonses | 0.75 |
| 2/14/2023 | ECF Filing | 0.2 |
| 2/20/2023 | Compile all docs for service | 0.25 |
| 2/20/2023 | Email with Client re: service | 0.1 |
| 2/23/2023 | Telephobe w/ Cuadra - scheduling for settlement discussions | 0.2 |
| 2/27/2023 | Telephone w/ Cuadra - Light discovery exchange to resolve issues | 0.1 |
| 2/27/2023 | Review - W2, 2016-2022, 1099 2022, paystubs | 1 |
| 2/27/2023 | Telephone w/Cuadra - imminent bankruptcy | 0.1 |
| 2/27/2023 | Telephone re: fraudulent numbers on paystubs | 0.25 |
| 3/3/2023 | Emails with Client- Schedule meeting to push case forward | 0.1 |
| 3/3/2023 | Email to Cuadra - paystub with 166 hours? | 0.1 |
| 3/6/2023 | Emails with Client - necessary document to get from d's att | 0.2 |
| 3/7/2023 | Telephone with Cuadra - Settlement demand | 0.1 |
| 3/7/2023 | Telephone with Client - Settlement Demand | 0.2 |
| 3/7/2023 | Email to Cuarda - Settlement demand | 0.1 |
| 3/7/2023 | Correspondece with Cuarda - Calculation - restaurant hours of operation | 0.2 |
| 3/7/2023 | Telephone with Client - Payout proposal - and fake payments | 0.25 |
| 3/9/2023 | Email to Cuadra - contentiona and payout proposal | 0.1 |
| 3/14/2023 | Meeting with Client | 1 |
| 3/14/2023 | Email to Cuardra - Answer to the complaint | 0.1 |
| 3/15/2023 | Telephone with Cuadra - New Attorney coming onto case | 0.1 |
| 3/21/2023 | Correspondence with David Mahoney - Possible retention and accept service of proc | 0.1 |
| 3/23/2023 | Order 8 - preliminary discovery and informal discussions | 0.1 |
| 3/29/2023 | Emails with Mahoney re: getting retained | 0.1 |
| 3/29/2023 | Email from Mahoney - Stipulation extending time to answer | 0.2 |
| 3/31/2023 | Bounce - Motion to for extension to file answer to complaint | 0.1 |
| 4/3/2023 | Emails with Client  and responses to 11 questions | 0.2 |
| 4/7/2023 | Meeting with Client - many issue, threats from employees | 1 |
| 4/10/2023 | Draft - affdivits for employees that only received tip money | 1.5 |
| 4/17/2023 | Review Answer to complaint - mark pleading | 1 |
| 6/16/2023 | Catalogue plaintiffs documents, bates stamp and send to d counsel | 1 |
| 6/23/2023 | Review Defendants Bates 1-702 | 2 |
| 6/30/2023 | Emails with client re: scheduling an in person | 0.2 |
| 7/5/2023 | Email from Mahoney - Client is directly contacting him | 0.1 |
| 7/12/2023 | Emails with and to Mahoney - zoom the coming Friday | 0.2 |
| 7/14/2023 | Meeting with Client - Go through docuemtns and make settlement offer | 1.5 |
| 7/14/2023 | Email to Mahoney Re: Tip book - may resolve the shole case - Client has a few pages | 0.2 |

| Date | Description | Hours |
|---|---|---|
| 7/14/2023 | Draft letter to Magistrate, settlement and exchange | 0.2 |
| 7/16/2023 | Telephone and email with client re: Friday meeting, 1099 | 0.25 |
| 7/28/2023 | Telephone with Client re: 2022 1099 | 0.2 |
| 7/28/2023 | Review Tip book reeived from D | 1 |
| 8/1/2023 | Telephone with David re mediator and court directive | 0.2 |
| 8/1/2023 | Review correspondence to Giulio Xanolla - Mediator | 0.1 |
| 8/1/2023 | Letter Magistrate Scanlon - Zanolla has been selected | 0.1 |
| 8/7/2023 | Email - Resolute - Scheduling the mediation | 0.2 |
| 8/15/2023 | Emails with Resolute - Picking the dates | 0.1 |
| 8/15/2023 | 2022 1099 received from Mahoney - DOC ADP | 0.1 |
| 8/16/2023 | Telephone with Client - Details of the 1099 | 0.1 |
| 8/16/2023 | Emails re: fraudulent 1099 | 0.5 |
| 8/19/2023 | Emails with Client re: mediation scheduling, | 0.25 |
| 8/21/2023 | Emails re: mediation scheduling | 0.1 |
| 8/23/2023 | Emails re: mediation scheduling | 0.1 |
| 8/24/2023 | Emails re: mediation scheduling | 0.2 |
| 8/28/2023 | Meeting with Client - go through dos discuss mediation | 1 |
| 9/5/2023 | Emails - 9/14 date for mediation | 0.2 |
| 9/6/2023 | Mediation scheduling notification | 0.1 |
| 9/8/2023 | Email from Mahoney - Actual 2022 1099 NEC | 0.1 |
| 9/8/2023 | Telephone with Client - Issues with the 1099 | 0.2 |
| 9/11/2023 | Rescheduling - email - Mediation with Zanolla | 0.1 |
| 9/15/2023 | Emails regarding rescheduling into october | 0.2 |
| 9/28/2023 | New Scheduling with resolute | 0.1 |
| 10/5/2023 | Minimum wage and overtime spreadsheet | 1 |
| 10/5/2023 | Draft Mediation Letter | 3 |
| 10/6/2023 | Meeting with Client Re: mediation letter | 1.5 |
| 10/6/2023 | Modify mediation letter | 0.2 |
| 10/9/2023 | Email from Mahoney - Fire in the restaurant | 0.1 |
| 10/11/2023 | Telephone with Client - fire and other issues | 0.25 |
| 10/12/2023 | Emails re: rescheduling mediation - 10/25 - | 0.5 |
| 10/16/2023 | Email with client re: the restaurant is open, and scheduling letter | 0.1 |
| 10/18/2023 | Telephone with Client - Questions for D during mediation | 0.2 |
| 10/23/2023 | Telephone with Client - Mediation agreement - Sign and send back - Rates | 0.2 |
| 10/24/2023 | Review with Client - 1099 2022 payments. | 0.5 |
| 10/24/2023 | Emails with all parties re: mediation scheduling | 0.2 |
| 10/25/2023 | Mediation | 4 |
| 10/27/2023 | Email - Follow up request to mediator | 0.1 |
| 10/31/2023 | Response from mediatior - familt complications | 0.1 |
| 11/6/2023 | Telephone with Client - Status of mediation | 0.2 |
| 11/7/2023 | Email and telephone with Mediator - offer to convey | 0.25 |
| 11/30/2023 | Telephone and email discussion with client - re: counteroffer - payout | 0.2 |
| 12/1/2023 | Telephone client - wants to end the mediation | 0.1 |
| 12/18/2023 | Emails with Client re: clock records | 0.2 |

| | | |
|---|---|---|
| 12/21/2023 | Email to Zanolla - Mediation is over | 0.1 |
| 1/3/2024 | Emails with Court - Mediation has failed | 0.2 |
| 1/9/2024 | Correspondence with Client - Next steps in case | 0.1 |
| 1/11/2024 | Draft Letter to Magistrate Scanlon = Status report and case management plan | 0.3 |
| 1/12/2024 | Emails with Mahoney - Modification of joint letter | 0.1 |
| 1/12/2024 | Re-Draft letter to magistrate | 0.1 |
| 1/25/2024 | Draft 26 disclosures | 1.25 |
| 1/26/2024 | Review Defendants 26 Disclosures. | 0.2 |
| 2/5/2024 | Draft Discovery and Interrogatory demands | 4 |
| 2/8/2024 | Review Defendants discovery demands | 0.5 |
| 2/12/2024 | Draft amended complaint and summonses | 2 |
| 2/20/2024 | Start draft of interrogatories | 0.25 |
| 5-Mar-24 | Meeting with Client - Interrogatories and Whatsapp chats with Andrea and Clausio | 2 |
| 3/21/2024 | Emails with Mahoney - extension of time to file answer | 0.1 |
| 3/27/2024 | Review answer and mark amended complaint | 1 |
| 5/7/2024 | Issues with defendants bad mouthing the plaintiff | 0.2 |
| 5/16/2024 | Telephone with Mahoney - Extending the deadlines bc of amended complaint | 0.2 |
| 5/16/2024 | Review letter to court extend deadlines | 0.1 |
| 6/17/2024 | Second set of interrogatories based on the amended complaint | 0.2 |
| 6/23/2024 | Review translation of Claudio and Andrea Whatsapp texts | 2 |
| 7/30/2024 | Emails re: Depositions of the parties | 0.2 |
| 7/31/2024 | Review Corp Disclosure statement | 0.1 |
| 8/7/2024 | Emails with Mahoney - Depos and revising the schedule | 0.2 |
| 8/20/2024 | Meeting with Client - Interrogatories annd discuss depos, going forward | 2 |
| 8/20/2024 | Response - Discovery and Inspection | 1.5 |
| 8/20/2024 | Batees stamp and send out docs 80-830 | 0.5 |
| 8/28/2024 | Review letter for extension of schedule | 0.1 |
| 9/9/2024 | Emails with Mahoney - Depos and possible settlement | 0.25 |
| 9/13/2024 | Go over deposition questiions proposed by client, review discovery for deposition | 2 |
| 9/17/2024 | Emails with Client - Depos - injury - email to Mahoney re: accident | 0.25 |
| 9/19/2024 | Prepare questions for Coronas Deposition | 3 |
| 9/19/2024 | Telephone with Client re: issues for deposition | 0.25 |
| 9/26/2024 | Correpondence re: settlement - revised numbers, discussion with client | 0.25 |
| 9/30/2024 | Telephone with Client - depositions - pages to show claudio at depo | 0.2 |
| 9/30/2024 | Premark exhibit for deposition | 1.5 |
| 10/2/2024 | Emails re: deposition scheduling | 0.2 |
| 10/3/2024 | Emails/telephone - client and mahoney - Case settled subject to cheeks approval | 0.5 |
| 10/6/2024 | Draft Settlement Agreement | 2 |
| 10/7/2024 | Cheeks approval letter | 1.5 |
| 10/8/2024 | Telephone and emails with client re: settlement | 0.2 |
| 10/8/2024 | Revise settlement agreement | 0.25 |
| 10/9/2024 | Review Defendants request to modify settlement agreement | 0.1 |
| 10/9/2024 | Emails re: 1099 from 2022 | 0.2 |
| 10/15/2024 | Email from client - Re: Andrea Trulli and other issues | 0.1 |

| 10/15/2024 | Telephone with Mahoney - confessions, agreement, settlement | 0.1 |
| 10/15/2024 | Incorporate Mahoneys requested changes into the agreement | 0.25 |
| 10/15/2024 | Telephone with Mahoney - Question re: one of the modifications | 0.1 |
| 10/17/2024 | Receipt of agreement signed by Ds - send to client | 0.1 |
| | | 74.9 |